## STOWELL v. READ.

A tender of money vests no property in the party to whom it is made, unless it is accepted.

FOREIGN ATTACHMENT. The president, directors, and company, of the Mechanics Bank, who were summoned as trustees, submitted the following disclosure by their cashier:

On the 24th day of October, A. D. 1840, Matthew Read, aforesaid, deposited in said bank the sum of two hundred and two dollars in specie, which, as he said, had been tendered by him to one Noah Burnham; and gave special directions that the same should be delivered to Burnham whenever he should deliver up Read's three promissory notes for fifty dollars each, and one for about seventeen dollars, or whenever he should give his receipt for the amount thus deposited. Burnham had notice of the deposit, yet he has never called for the money; but it remained until after the service of the plaintiff's writ upon said trustees.

There is a suit brought by Read against Burnham now pending in chancery, wherein these facts have been disclosed by the cashier of said bank. The principal question to be determined therein is, whether said money had been properly and legally tendered by Read to Burnham. If so, the said money thus deposited became the property of Burnham; but if not, then it remained the property of Read.

There was not, at the time of the service of the plaintiff's writ upon said bank, or at any time since, any money, goods, chattels, rights, or credits, of said Read in the possession of said trustees, other than as before stated.

WOODS, J. By chap. 208, sec. 8, of the Revised Statutes, "Every person summoned as a trustee, having in his possession any money, goods, chattels, rights or credits

of the principal defendant at the time of the service of the writ upon him, or after the service and before his disclosure, shall be adjudged a trustee therefor." And, by sec. 23, it appears that a corporation may be held by the trustee process in the same manner.

It appears that the trustee in the present suit had been made by the defendant the depositary of a sum of money in specie, which he said had been tendered by him to one Burnham, and which he desired might be delivered to Burnham, if he should call for it and conform to certain conditions. The representations of the defendant tending to establish in another some right to the money, which, by presumption arising from possession, would be held to be his own, may be taken to be true; and the question arising upon the facts represented by him is, whether the money was his or Burnham's.

When money is tendered in payment of a supposed debt or liability, the party to whom the tender is made may or may not, at his option, accept the money. If he accept it, he of course becomes the owner of it. If he declines it, the consequence is, that when he afterward demands it, the debtor must be ready to pay it, or else what has been done is of no avail at all. If, however, he does not demand the money, but brings an action upon the debt or obligation on which it is due, the party owing it may bring it into court and plead the facts, and so avoid the costs that would otherwise arise in the action.

The tender does not discharge the debt, for an action lies as well after the tender as before to enforce the payment of it; and the creditor can not maintain trover for the money that has been tendered and not accepted. On the contrary, the debtor may, from the moment it is refused, appropriate it to his own use. Indeed, the only effect of a tender is, to enable a debtor who has made it, and keeps it ready for the creditor, to escape the payment of the costs of any action that may be commenced to

recover the debt, by showing that he has done, and is ready to do, all that is in his power to perform his contract, and that, although the debt is not paid, it is no fault of his. The tender operates only as a shield against the costs of litigation. The money, therefore, deposited by the defendant, was his, notwithstanding it had been tendered to another and refused. The trustee must, therefore, be charged.